*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1625**

Justin Anthony Peterson-Fuller, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed August 4, 2014
Reversed
Reyes, Judge**

Dakota County District Court
File No. 19AVCV131136

Justin Anthony Peterson-Fuller, Apple Valley, Minnesota (pro se respondent)

Lori Swanson, Attorney General, Kristi Nielsen, Assistant Attorney General, St. Paul,
Minnesota (for appellant)

Considered and decided by Cleary, Presiding Chief Judge; Reyes, Judge; and

Stoneburner, Judge.[*]

## UNPUBLISHED OPINION

**REYES**, Judge

Respondent Justin Peterson-Fuller's driver's license was revoked by appellant

Commissioner of Public Safety after a breath test revealed that he had been driving while

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

impaired. The district court rescinded the revocation, ruling that the test was a violation of the Fourth Amendment because a warrant was not obtained prior to the test and no exception to the warrant requirement applied. We reverse.

**FACTS**

In the early-morning hours of March 15, 2013, Apple Valley police were dispatched to a one-vehicle accident, where they found a vehicle with front-end damage in a snowbank. An officer spoke to Peterson-Fuller who stated that he was the driver of the damaged vehicle. Peterson-Fuller admitted that he had consumed several beers earlier in the evening. The officer detected a strong odor of alcohol on Peterson-Fuller's breath and noticed that he exhibited signs of impairment such as difficulty maintaining his balance, red, watery eyes, and slurred speech. After administering standard field-sobriety tests and a preliminary breath test, police arrested Peterson-Fuller and transported him to the police station.

At the police station, an officer read Peterson-Fuller Minnesota's motor vehicle implied-consent-advisory form, which states, in part, "Minnesota law requires you to take a test to determine if you are under the influence of alcohol . . . refusal to take a test is a crime." When asked by the officer, Peterson-Fuller said that he understood the advisory. The officer next asked Peterson-Fuller if he wanted to call an attorney. Peterson-Fuller waived his right to an attorney and agreed to provide a breath sample. Police did not attempt to obtain a warrant. Peterson-Fuller submitted to the breath test that showed an alcohol concentration of .22. He was then charged with second-degree driving under the influence, and his driver's license was revoked.

Peterson-Fuller petitioned for judicial review and rescission of the license revocation. The district court rescinded Peterson-Fuller's license revocation, finding that a warrant was required for the breath-test search based on its assessment that (1) consent under the implied-consent statute is not voluntary for Fourth Amendment search purposes; (2) there is no good-faith warrant exception; and (3) there were no exigent circumstances. This appeal followed.

## D E C I S I O N

The commissioner argues that the district court erred by ruling that Peterson-Fuller did not voluntarily consent to the breath test after being read the implied-consent advisory, as demonstrated by the totality of the circumstances. "When the facts are not in dispute, the validity of a search is a question of law subject to de novo review." *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004). "When reviewing the constitutionality of a search, we independently analyze the undisputed facts to determine whether evidence resulting from the search should be suppressed." *Id.* A district court's conclusions of law are not overturned "absent erroneous construction and application of the law to the facts." *Id.*

The U.S. Constitution and the Minnesota Constitution guarantee the right to be free from unreasonable searches. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Taking a sample of a person's breath constitutes a search under the Fourth Amendment and requires a warrant based on probable cause. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1413 (1989). But voluntary consent to a search is an

exception to the warrant requirement. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014).

In this case, the district court determined that Peterson-Fuller did not voluntarily consent to the breath test because he would be subject to criminal penalties for refusing to consent. But the district court did not have the benefit of *Brooks*, which was decided after the district court rescinded Peterson-Fuller's license revocation. In *Brooks*, the supreme court held that consent to testing can be voluntary, despite the criminal penalty for refusing the test. *Id.* at 570.

In each of three separate driving incidents at issue in *Brooks*, the defendant was validly stopped, police complied with statutory requirements, and he agreed to searches of his blood or urine after consulting with his attorney. *Id.* at 565-66. Brooks argued that he was coerced into testing because he was told that test refusal was a crime. *Id.* at 570. In response, the supreme court stated that "[w]hether consent is voluntary is determined by examining the totality of the circumstances." *Id.* at 568 (quotations omitted). Such an analysis requires the court to consider all relevant circumstances, "including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 569 (quotation omitted). Addressing the coercive aspect of gaining consent through criminalization of test refusal, the supreme court recognized that a DWI suspect retains the choice to take or refuse the test, even though the choice is "difficult," and concluded that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id.* at 570 (citation omitted). The supreme court concluded that Brooks's consent was voluntary

4

under the circumstances after evaluating that "nothing in the record suggests that Brooks was coerced in the sense that his will had been overborne and his capacity for self-determination critically impaired." *Id.* at 571 (quotation omitted).

Here, Peterson-Fuller showed indicia of intoxication after crashing his car into a snowbank and was read the standard implied-consent advisory. After indicating that he understood the implied-consent advisory and that he did not wish to consult an attorney, Peterson-Fuller consented to a breath test. Nothing in the record suggests that Peterson-Fuller's will was overborne or that his capacity for self-determination was critically impaired when he made the decision to submit to the breath test. *Id.* As in *Brooks*, there is no indication that Peterson-Fuller was "confronted with repeated police questioning," "asked to consent after having spent days in custody," or subject to any other coercive activity by law enforcement besides the circumstances that normally accompany an arrest. *Id.* Based on the totality of the circumstances, Peterson-Fuller voluntarily consented to the breath test, and police were not required to obtain a warrant prior to the test. We therefore reverse the district court's decision to rescind the revocation of Peterson-Fuller's driver's license. Because we hold that Peterson-Fuller consented to the search using the analysis provided by the supreme court in *Brooks*, we need not reach the other arguments raised by the commissioner.

**Reversed.**

5